■ In the Matter of the Claim of ADOLF ECKHAUS, Respondent, against ADECK STORES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award for disability due to a heart attack. Appellants question the finding of accident. Claimant was the president and sole stockholder of the employer. His medical history indicated arteriosclerosis and diabetes. He testified that as he was driving a company car returning from a business mission another car coming onto the highway from an access lane designed to merge traffic on the main highway, pulled in front of him, requiring him to suddenly apply his brakes to avoid a collision. He says he felt a sharp pain in his chest at the time, but continued his journey, parked his car and stopped in a drug store for an alka-seltzer. Thereafter he met a friend who recommended a doctor in the neighborhood

who saw claimant and advised hospitalization. Claimant refused and went home. Later the family physician was called, who in turn called in a specialist, and a final diagnosis of coronary occlusion with myocardial infarction was made. Claimant did not testify as to sudden surprise, fright or shock at the time of the highway incident. He was aware of the car on the access strip and watched the situation develop which finally resulted in a car proceeding in the same direction entering claimant's lane so close ahead of him that he was required to apply his brakes. We do not think this would be regarded as an accident in the view of the average man. Such incidents occur with great frequency in modern traffic. Certainly a traffic situation which requires the application of brakes would ordinarily be considered a commonplace occurrence rather than an accident. While this case is rather close factually to *Matter of Wachsstock* v. *Skyview Transp. Co.* (5 A D 2d 1028), an award here would mean an extension of a rule already extended to the limit. In the *Wachsstock* case a taxicab driver was suddenly confronted with a head-on collision when another car approached in the opposite direction in the wrong lane on a bridge. (Cf. *Matter of Santacroce* v. *40 W. 20th St.*, 9 A D 2d 985.) Award reversed and the claim dismissed, with costs to appellants against the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.